IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONNIE RILEY, #512736                  :

    Petitioner                         :

               v                   :   Civil Action No. DKC-08-1017

NANCY ROUSE and                        :
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                      :

    Respondents                        :
                           o0o

## **MEMORANDUM OPINION**

On May 5, 2008, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, signed April 28, 2008, was filed pro se by Ronnie Riley, challenging his September 9, 2005, conviction by a Baltimore City Circuit Court jury for possession of cocaine with intent to distribute and possession of cocaine, for which he was sentenced to 15 years incarceration, the first ten years without parole.[1]  Paper No. 1; *see also* Paper No. 8, Exhibit 1.  Respondents have answered the Petition (Paper No. 8), and Riley has filed a reply.  Paper No. 9.

### **Procedural History**

Riley's convictions and sentence were affirmed on appeal.[2]  On April 16, 2007, Riley filed a pro se petition for state post-conviction relief which, as supplemented by counsel, raised grounds of ineffective assistance of counsel, violations of Sixth and Fourteenth Amendment

---

[1] In support of his Petition, Riley raises several claims of ineffective assistance of counsel, argues the State lacked probable cause to arrest him without a warrant, and complains that his rights under state procedural rules and the Sixth and Fourteenth Amendments were violated.

[2] On direct appeal to the Court of Special Appeals of Maryland, Riley unsuccessfully argued that the trial court erred in denying his motion to suppress the drugs found on him and that he was deprived of a fair trial because the arresting officer referred to him and others in the criminal justice system as "bad guys" and "bad people" during testimony at trial.  Paper No. 8, Exhibits 2 and 4.  In seeking certiorari review to the Court of Appeals of Maryland, Riley raised only the issue regarding the motion to suppress.  *Id.*, Exhibit 6.  Further review was denied by the Court of Appeals on June 8, 2007.  *Id.*, Exhibit 7.

rights, imposition of an illegal sentence, and prosecutorial misconduct for failing to provide proper notice of mandatory penalties. Paper No. 8, Exhibits 8 and 9. Those grounds, however, were never adjudicated, as the parties reached an agreement wherein the post-conviction would be dismissed with prejudice upon Riley's acceptance into a drug treatment program under commitment to the Maryland Department of Health and Mental Hygiene.[3] Paper No. 8, Exhibit 12 at 3-7. Riley's request to be evaluated for the program was approved by the Baltimore City Circuit Court on April 1, 2008, four weeks prior to the filing of the instant action. *Id.*, Exhibit 13. It appears, however, that he was not immediately admitted to the program, possibly as a result of a one-year sentence that remained to be served in Anne Arundel County. Paper No. 9; *see also* Paper No. 1 at 8, item 17. In March of 2009, Riley informed the Clerk that he had been moved to the Anne Arundel County Detention Center's Ordance Road facility to serve that one-year sentence. Paper No. 10. He was released from confinement at the Detention Center on July 30, 2009.[4]

**Claims for Review**

Riley presents the following claims for federal habeas corpus review:

1. His Fourth Amendment rights were violated when he was arrested and searched without a warrant;

2. State procedural rules were violated when this offense was tried before adjudication of an earlier criminal matter; and

3. Counsel provided ineffective assistance by:

    a. Failing to call subpoenaed witnesses;

---

[3] Evaluation for the program is statutorily prescribed under Maryland Annotated Code Health General Article, §§ 8-505 and 8-507.

[4] Court personnel were unable to locate Riley on the Maryland Department of Public Safety and Correctional Services inmate locator website.

  b. Failing to communicate with Riley;

  c. Failing to object to the chain of custody of the evidence; and

  d. Failing to object to money introduced into evidence.

Paper No. 1 at 7.

<b><u>Threshold Considerations</u></b>

 **A. Exhaustion of State Remedies**

Prior to seek federal habeas relief, a petitioner is required to exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal to the Court of Special Appeals (and thereafter seeking certiorari to the Court of Appeals) and with other claims by way of a post-conviction petition, followed by seeking leave to appeal from the Court of Special Appeals. Riley no longer has any direct or collateral review remedies available to him with respect to the claims raised in this court. Accordingly, his claims will be considered exhausted.

 **B. Statute of Limitations**

There is no contention that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d).

 **C. Cognizability**

Riley claims the police violated his Fourth Amendment rights when they arrested him and subsequently searched him, finding vials of cocaine. Paper No. 1 at 6. He also complains of violations of state procedural rules. Neither claim is cognizable here.

Federal courts may not grant "habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" where "the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim." *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Fourth Circuit Court of Appeals has set forth an analytical framework for considering Fourth Amendment claims in § 2254 petitions:

> [I]n its analysis of a petition for habeas corpus under 28 U.S.C. § 2254 , a district court, when faced with allegations presenting Fourth Amendment claims, should, under the rule in *Stone v. Powell* ..., first inquire as to whether or not the petitioner was afforded an opportunity to raise his Fourth Amendment claims under the then existing state practice.
>
> Second, we hold that when the district court has made the 'opportunity' inquiry, it need not inquire further into the merits of the petitioner's case, when applying *Stone v. Powell* ... unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired.

*See Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir.1978); *see also Mueller v. Angelone*, 181 F.3d 557, 570 n. 8 (4th Cir. 1999); *Grimsley v. Dodson*, 696 F.2d 303, 304 (4th Cir. 1982) ("*Stone v. Powell* marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner has the opportunity to litigate those claims in state court.").

Riley was arrested on January 26, 2005, by undercover Baltimore City police who were working in a known drug-trafficking area. One officer observed Riley acting furtively before taking money from another individual, then reach into his sock to pull out an item Riley then handed to the individual. Riley was arrested without a warrant as he walked away. The officers searched Riley incident to his arrest and found twenty-one vials of cocaine in his sock.

The record shows that Riley was provided with the opportunity fully to litigate his Fourth Amendment claim. His attorney filed and later argued a motion to suppress the cocaine, alleging

it was the fruit of an illegal search.  The motion was denied.  Counsel renewed the suppression motion at trial, and it was denied a second time.  The issue was fully briefed and presented by counsel on direct appeal to the Court of Special Appeals of Maryland and again in Riley's pro se request for certiorari to the Court of Appeals of Maryland.  Paper No. 8, Exhibits 2-7.  In each instance Riley's Fourth Amendment claims were considered on the merits and rejected.  Under these facts, it is clear that Riley had a full and fair opportunity to litigate his Fourth Amendment claims, and the claims are thus barred from federal habeas review under *Stone v. Powell*, 428 U.S. at 481-82.

Riley also alleges the state violated Maryland procedural rules by failing to adjudicate an older criminal matter before proceeding with the criminal case at issue here.  Paper No. 1 at 7, Item 1.  A claim of violation of state procedural rules is not cognizable for federal habeas corpus purposes.  *See Roach v. Angelone*, 176 F.3d 210, 216 (4th Cir. 1999) (challenge to state proportionality review mandated by state statute not cognizable as it raised no constitutional violation).  The claim is not subject to review here.

### D.  Procedural Default

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See  O'Sullivan v. Boerckel*, 526 U.S. 838, (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by raising certain claims on direct appeal and with other claims by way of post-conviction proceedings.  Exhaustion is not required if at the time a federal habeas corpus petition is filed the petitioner has no available state remedy.  *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).

The procedural default doctrine bars consideration of a claim in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence. *See Murray*, 477 U.S. at 495; *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977). Even where a petitioner fails to show cause and prejudice for a procedural default a court must still consider whether it should reach the merits of the petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995); *Bostick v. Stevenson*, 589 F. 3d.160, 164 (4th Cir. 2009). The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 320. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*. at 315. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U. S. at 496.

Respondents claim that Riley's ineffective assistance claims are procedurally defaulted because they were withdrawn with prejudice at his post-conviction hearing, conditioned upon his acceptance for evaluation for a drug treatment program. In reply, Riley indicates his waiver of post-conviction review should not be deemed with prejudice, as his acceptance into drug treatment was later called into question due to the fact he had an additional one-year sentence to be served in Anne Arundel County. Paper No. 9. Riley does not indicate that he attempted to reinstitute post-

conviction proceedings as a reault of his inability to qualify for the treatment program; indeed, it appears that Riley has been released from both the Divison of Corrections and the Anne Arundel County Detention Center. As it appears Riley has not moved to reinstitute state post-conviction proceedings, he has failed to demonstrate cause and prejudice with regard to exhaustion of these claims. Furthermore, actual innocence is not apparent from the record.

### **Conclusion**

The court finds no basis to grant Riley's habeas relief in light of its examination of the state appellate briefs, post-conviction transcripts and state court rulings. The Petition shall be denied and dismissed.

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability. Denial of a certificate of appealibility does not prevent petitioner from seeking permission to file a successive petition or pursuy his claims upon receipt of such permission. A separate order shall be entered reflecting the foregoing Memorandum Opinion.

Date:  March 3, 2010                                    _____/s/_____
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge